IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION
_____

CARRIE MOE,

                                                            CV 09-157-M-DWM-JCL

                Plaintiff,

     vs.

                                                            ORDER

SYSTEM TRANSPORT, INC.,

                Defendant.
_____

I.    Introduction

     This action has its genesis in a vehicular collision which occurred between an automobile operated by Plaintiff Carrie Moe and a semi-truck trailer unit operated by an employee of Defendant System Transport, Inc. – a self insured entity. Moe seeks both compensatory and punitive damages for System Transport's alleged violations of the Montana Unfair Trade Practices Act, Mont. Code Ann. § 33-18-201 et seq., and the common law in its handling of Moe's personal injury claim.

     Moe moves in limine to preclude System Transport from presenting evidence or testimony with respect to two matters. First, Moe seeks to preclude testimony or evidence relating to statements apparently made by Moe's parents to

Larry Sutton, an adjuster with J. Walling Associates, Inc., the independent adjusting firm hired by System Transport to adjust Moe's claim.  Second, Moe seeks to preclude System Transport from presenting evidence relating to the lawsuit previously litigated in state district court by Moe against J. Walling that resulted in a jury verdict awarding Moe $25,000 for J. Walling's violations of the UTPA and the common law in its handling of Moe's claims for advance medical pay.[1]

For the reasons discussed below, Moe's motions are appropriately denied.

## II.   Discussion

### A.  Sutton's Statements

Larry Sutton has stated under oath that during the course of attempting to resolve Moe's claim he was advised by Plaintiff's father on November 4, 2003, that if System Transport's offer to settle Moe's bodily injury claim – $4,000 plus medical expenses – was not increased, then "we will just have [Carrie] treat for the next two years and see how you like that." Dkt. 46-1, p. 2.  Sutton also states under oath that in response to an increased offer of $5,000 in new money made to

---

[1] The referenced verdict entered on November 21, 2009, also found that J. Walling was liable for punitive damages. Ironically, Moe moved to continue the separate proceeding required by Montana Code Annotated, § 27-1-221(7)(a) to determine the amount of punitive damages.  The proceeding has yet to occur.

Moe's mother on November 4, 2003, Plaintiff's mother responded that Moe "should at least have a new car out of this." Dkt. 46-1, p. 2. Moe disputes the accuracy of Sutton's statement as it pertains to her mother, but does not dispute the accuracy of Sutton's statement as it pertains to her father.

Moe asserts the referenced statements are irrelevant to the issues presented and otherwise constitute impermissible hearsay. Moe's argument is unpersuasive in both respects.

One of the various claims asserted by Moe is that System Transport violated Mont. Code Ann. § 33-18-201(6), which prohibits a self insured entity from neglecting to "attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." Dkt. 5, ¶ 11. Moe asserts that System Transport "refused to pay substantial damages which were reasonably clear." Dkt. 12, p. 3.

As System Transport accurately notes, an insurer may not be held liable under the UTPA if it had a "reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue." Mont. Code Ann. § 33-18-242(5). The statements made by Moe's parents are relevant to the issue of whether System Transport – through its agent Larry Sutton – had a reasonable basis in fact for contesting the amount of damages claimed by Moe and whether it

acted in good faith in attempting to effectuate a fair and equitable settlement of Moe's claims. This is especially true in view of the fact that Sutton has stated under oath that Moe herself stated to him on October 7, 2003, that "she had stopped treating for her injuries sustained in the accident of August 15, 2003, and that she was interested in settling her claim." Dkt. 46-1, ¶ 5. The information known to Sutton, including the statements made by Moe's parents, bear upon Sutton's state of mind in assessing Moe's claims and wether he was doing so in good faith. Thus, the statements are relevant to the issues the jury will be called upon to resolve.

Contrary to Moe's argument, the statements do not constitute inadmissible hearsay. Hearsay is an out of court assertion that is offered to prove its truth. Fed. R. Evid. 801(c). Consequently, an out-of-court assertion that is not offered to prove the truth of the assertion is not hearsay. Thus, when an out-of-court utterance is offered, not to prove its truth, but to prove the assertion's effect on the state of mind of the person who heard it, the assertion is not hearsay. *See* 6 Wigmore, Evid. § 1789(Chadbourn Rev. 1976) (An utterance offered to evidence the state of mind which ensued in another person in consequence of the utterance is admissible). Of course, the ensuing state of mind must be relevant for the assertion to be admitted. *See United States v. Makhlouta*, 790 F.2d 1400, 1402 (9th

Cir. 1986). Here, as noted, Sutton's state of mind is relevant and the effect that the statements made by Moe's parents are admissible to prove the effect they had on Sutton's state of mind.

**B.    The J. Walling case**

Moe takes the position that evidence of her prior lawsuit against J. Walling and its favorable outcome is properly excluded because it has no relevance to the issues to be resolved in this case. Additionally, she argues that even if evidence of the J. Walling case is relevant, it is properly excluded under Fed. R. Evid. 403 – its probative value being substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The J. Walling action involved Moe's claim for compensatory and punitive damages emanating from J. Walling's failure to advance medical expenses incurred by Moe as a result of the injuries she sustained in the underlying collision. Moe's claim for compensatory damages in J. Walling was based in large part upon the "distress, aggravation, and detriment" caused by J. Walling's handling of her claims for advance medical pay. Dkt. 17-3, p. 6. In this case, Moe seeks to recover, *inter alia*, compensatory damages for emotional distress that she purportedly sustained as a result of System Transport's failure to advance pay her medical expenses – albeit during a time frame distinct from that addressed in the J.

Walling action.

In view of the fact that Moe again seeks to recover damages for emotional distress emanating from the handling of her claim, the J. Walling action and its outcome may indeed prove relevant.  Moe's artful pleading ignores the fact that the emotional distress she apparently sustained in relation to J. Walling's handling of her claim for advance medical pay cannot be neatly dissected from the claim of emotional distress she advances in this action.  Whether or not evidence of the J. Walling action and its outcome is relevant will depend on the evidence Moe seeks to introduce at trial to sustain her claim for compensatory damages.  That question can only be answered in the context of trial. Consequently, Moe's motion in limine is denied at this juncture.  Accordingly,

IT IS ORDERED that Plaintiff's First and Second Motions in Limine are DENIED.

DATED this 23rd day of August, 2010

    /s/ Jeremiah c. Lynch
Jeremiah C. Lynch
United States Magistrate Judge