**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

CARRIE MOE,

            CV 09-157-M-DWM-JCL

     Plaintiff,

   vs.         FINDINGS &RECOMMENDATION
            OF UNITED STATES
SYSTEM TRANSPORT, INC.,   MAGISTRATE JUDGE

     Defendant.

_____

I.  Factual and Procedural Background

On August 15, 2003, Plaintiff Carrie Moe was injured in a vehicular

collision which occurred between an automobile she was operating and a semi-

truck trailer unit operated by Kenneth Gert, an employee of Defendant System

Transport, Inc. ("System Transport").  System Transport – a self insured entity –

hired the independent adjusting firm of J. Walling and Associates, Inc.

("Walling") to adjust claims advanced by Moe against System Transport.  On

March 23, 2004, Moe instituted an action against Walling in the Montana Fourth

Judicial District Court, Missoula, seeking:  (1) a determination that she was

entitled to advance pay for medical expenses incurred as a result of the injuries she

sustained in the collision; and (2) compensatory and punitive damages for

Walling's violation of the duties imposed upon it in relation to the handling of

Moe's claims by the Montana Unfair Trade Practices Act ("UTPA"), Mont. Code Ann. §§ 33-18-201 et seq., and the common law.

Sometime around October 1, 2004 – while Moe's case against Walling was pending – System Transport paid the medical expenses claimed by Moe in the amount of $3,868.50. A year later, on October 18, 2005, Moe effected a settlement of her personal injury claim against System Transport and its driver Kenneth Gert in exchange for System Transport's payment of $19,868.50 inclusive of sums previously advanced in payment of Moe's medical expenses.

Subsequently, Moe's statutory and common-law bad faith claims against Walling proceeded to trial. On November 21, 2009, a jury verdict was entered awarding compensatory damages to Moe in the amount of $25,000.00. The verdict also found that Walling was liable for punitive damages. The separate proceeding required to be promptly held under Mont. Code Ann. § 27-1-221(7)(a) to determine the amount of punitive damages has yet to be held.

On October 13, 2006, Moe filed the present action against System Transport in the Montana Fourth Judicial District Court, Missoula. Moe seeks both compensatory and punitive damages for System Transport's alleged violations of the UTPA and common law in its handling of Moe's personal injury claim. Moe did not effect service upon System Transport until September 14, 2009, nearly

three years after the complaint was filed.  System Transport removed the case to this Court on November 5, 2009.

System Transport has moved for summary judgment under Fed. R. Civ. P. 56 with respect to all of Moe's claims.  System Transport asserts it is entitled to summary judgment on two alternate bases.  First, it takes the position that Moe is impermissibly attempting to recover damages from System Transport for the same injuries she was awarded $25,000 in damages in her case against Walling. Second, it argues Moe is precluded by the doctrines of res judicata and collateral estoppel from prosecuting the claims she now advances against System Transport in this action.

Reduced to its essence, System Transport's argument is that Moe's claims against it are based entirely on the conduct of Walling that provided the factual predicate for the verdict rendered against Walling in the state court action.  Dkt. 16, p. 14.  Restated, System Transport contends that Moe has not identified any independent act or omission on the part of System Transport sufficient to support Moe's bad faith claims against it.  Dkt. 16, p. 17.  For the reasons detailed below, System Transport's motion should be granted in part and denied in part.

II.     Legal Standard

A party moving for summary judgment bears the burden of demonstrating

"that there is no genuine issues as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A movant may satisfy that burden where the documentary evidence produced by the parties permits only one conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

III.   Discussion

The issue determinative of System Transport's motion is quite narrow – whether the "bad faith" claims advanced in this action against System Transport are predicated on precisely the same facts and legal theories as were the claims adjudicated against Walling.  As noted, System Transport contends they are.  Moe,

-4-

of course, contends they are not.

Moe argues the Walling action was based solely upon Walling's conduct in failing to pay – in advance of any final settlement of Moe's entire personal injury claim – the medical bills incurred by Moe to a date certain some eight months after the underlying collision.  The date certain was April 26, 2004 – the date on which Moe effected service of her complaint on Walling.  In this regard, the Court in Walling instructed the jury that any damages incurred by Moe would be "calculated only to April 26, 2004, the date J. Walling & Associates was served with a complaint in this case."  Dkt. 27-4, pp. 6-7.

Moe concedes that the claims advanced in this action – together with any consequent damages – are "predicated on the conduct of [System Transport] which occurred subsequent" to April 26, 2004.  Moe contends that during the time frame of April 26, 2004, to October 18, 2005 – the date of the final settlement of the personal injury claim – System Transport failed to satisfy its obligations under the UTPA.  As best as can be ascertained from Moe's imprecise pleadings, she seeks damages emanating from System Transport's alleged failure to:  (1) attempt in good faith to effect prompt and fair settlement of Moe's personal injury claim in its entirety – when liability had become reasonably clear; and (2) make advance payment of medical expenses incurred after April 26, 2004.  The only potential

overlap between this action and the Walling action is Moe's contention that

System Transport may be held liable for punitive damages if it acted maliciously

in failing to ensure that Moe's medical expenses were properly and timely

adjusted by Walling – a duty Moe asserts was owed by System Transport

independent of Walling's duty to Moe.

System Transport argues that Moe has not identified any act or omission on

the part of System Transport – independent of the conduct of Walling at issue in

the state court action – sufficient to support Moe's bad faith claims against it.

Thus, System Transport concludes that the issues and claims in this case are

necessarily the same as those resolved in the Walling action.  From this premise,

System Transport asserts the doctrines of res judicata and collateral estoppel

preclude Moe from raising those issues and claims in this case.  System Transport

is only partially correct.

In this diversity action, the Court applies the substantive law of Montana as

it pertains to the doctrines of res judicata and collateral estoppel.  *Jacobs v. CBS

Broadcasting Inc.*, 291 F.3d 1173, 1177 (9th Cir. 2002).  It is that law which

determines the preclusive effect the Walling action has on the issues and claims

presented by Moe in this case.

Res judicata (or claim preclusion) bars a party from relitigating a matter

when the following criteria are met:

> (1) the parties or their privies are the same; (2) the subject matter of the action is the same; (3) the issues related to the subject matter are the same; and (4) the capacities of the person are the same in reference to the subject matter and the issues between them.

*Olympic Coast Investment, Inc. v. Wright*, 105 P.3d 743, ¶ 26 (Mont. 2005).

A prerequisite to application of res judicata is the entry of a final judgment.

*Baltrusch v. Baltrusch*, 130 P.3d 1267, 1273 (Mont. 2006).

Collateral estoppel (or issue preclusion), in turn, bars the reopening of an issue, or relitigation of determinative facts when the following four criteria are met:

> (1) the identical issue raised was previously decided in a prior adjudication; (2) a final judgment on the merits was issued in the prior adjudication; (3) the party against whom collateral estoppel is now asserted was the party or in privity with a party to the prior adjudication; and (4) the party against who preclusion is asserted was afforded a full and fair opportunity to litigate any issues which may be barred.

*Kubacki v. Molchan,* 172 P.3d 594, 597 (Mont. 2007) (citing *Baltrusch*, 130 P.3d at 1274).

While the Montana Supreme Court has made clear that res judicata applies only where the trial court has "entered final judgment," it has adopted a "relaxed requirement of finality for purposes of applying collateral estoppel." *Baltrusch*, 130 P.3d at 1273-1275.  Under this relaxed standard, the Court may give

preclusive effect to issues resolved in a judgment or order if "the decision to be carried over was adequately deliberated and firm, even if not final in the sense of forming a basis for a judgment already entered, and should refuse preclusion if the decision was avowedly tentative." *McDaniel v. State*, 208 P.3d 817, 828 (Mont. 2009) (quoting *Baltrusch*, 130 P.3d at 1275).

In view of the fact that the Court in Walling has not entered a final judgment, System Transport may not avail itself of the doctrine of res judicata in this case. Under the "relaxed" requirement of finality applicable to the doctrine of collateral estoppel, however, System Transport may avail itself of that doctrine with respect to claims under the UTPA emanating from the failure of System Transport to advance pay medical expenses Moe incurred prior to April 26, 2004. The record establishes that the four criteria essential to application of the doctrine to this category of claims are satisfied.

First, the Walling Court's Partial Judgment was entered after Moe was fully heard at trial on the issue of whether she was entitled to receive damages – both compensatory and punitive – for Walling's failure to advance pay the medical expenses she incurred through April 26, 2004, as a result of the underlying collision. Second, that judgment is "adequately deliberated and firm" and sufficiently final for purposes of applying the doctrine of collateral estoppel.

Third, Moe does not dispute that System Transport is in privity with Walling. Fourth, Moe does not dispute that she was afforded a full and fair opportunity to litigate her UTPA claims that were grounded in her request for advance payment of the medical expenses she incurred prior to April 26, 2004.

Consequently, Moe is precluded from relitigating against System Transport in this case, the issue of whether the failure of Moe to receive advance payment of the medical expenses she incurred prior to April 26, 2004, entitles her to recover compensatory and punitive damages. System Transport's motion for summary judgment should be granted in this respect.

Contrary to System Transport's argument, however, Moe is not precluded by the doctrine of collateral estoppel from presenting for resolution in this action the issues of whether System Transport failed to: (1) advance payment of medical expenses incurred by Moe after April 26, 2004; and (2) attempt in good faith to effect a prompt and fair settlement of Moe's personal injury claim in its entirety after liability had become reasonably clear. Simply stated, collateral estoppel is inapplicable to these issues because they are not identical to the issues raised and previously decided in the Walling action.

As a self-insured entity, System Transport had a duty to conduct a reasonable investigation and attempt in good faith to effectuate a prompt, fair, and

equitable settlement of Moe's personal injury claim in its entirety after liability had become reasonably clear.  Mont. Code Ann. § 33-18-201(4)&(6).  The issue of whether System Transport satisfied this duty – which Moe has alleged it did not – was not raised, let alone decided in the Walling action.[1]

The same is true with respect to the issue of whether System Transport failed to advance payment for expenses incurred by Moe for medical treatment she received subsequent to April 26, 2004, in relation to the injuries she sustained in the underlying collision.  System Transport argues, however, that Moe has not pointed to any medical expense she incurred for treatment received after April 26, 2004, and which was not paid by System Transport upon receipt.  Dkt. 30, p. 3.  In her Statement of Genuine Issues, however, Moe submits copies of several claims for expenses incurred for chiropractic treatment sporadically received from May through July of 2004.  Dkt. 27-5, pp. 2-14.  It is unclear whether System Transport paid these claims in timely fashion or not.  If it did, System Transport would be entitled to summary judgment on the advance pay issue.  The Court cannot determine this issue on the present record.

---

[1]  Mont. Code Ann. § 33-18-242(6)(b) precludes a third-party claimant, like Moe, from even filing an action under the UTPA until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim.

IV.    Conclusion

Accordingly,

IT IS RECOMMENDED that System Transport's Motion for Summary

Judgment be GRANTED IN PART and DENIED IN PART as set forth above.

DATED this 27th day of September, 2010.

                                         /s/ Jeremiah C. Lynch
                                        Jeremiah C. Lynch
                                        United States Magistrate Judge