## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

CARRIE MOE,

                                                 CV 09-157-M-DWM-JCL

                 Plaintiff,

      vs.

                                          ORDER

SYSTEM TRANSPORT, INC.,

                 Defendant.

_____

Pending before the Court is Plaintiff Carrie Moe's First Motion to Compel Discovery. The Court construes the motion as filed under Fed. R. Civ. P. 37(a). For the reasons discussed below, the motion is granted and denied, in part, as specified herein.

## I.  BACKGROUND

On August 15, 2003, Plaintiff Carrie Moe ("Moe") was injured in a vehicular collision which occurred between an automobile she was operating and a semi-truck trailer unit operated by Kenneth Gert, an employee of Defendant System Transport, Inc. ("System Transport"). System Transport – a self insured entity – hired the independent adjusting firm of J. Walling and Associates, Inc. ("Walling") to adjust claims advanced by Moe against System Transport. On March 23, 2004, Moe instituted an action against Walling in the Montana Fourth

Judicial District Court, Missoula, seeking:  (1) a determination that she was

entitled to advance pay for medical expenses incurred as a result of the injuries she

sustained in the collision; and (2) compensatory and punitive damages for

Walling's violation of the duties imposed upon it in relation to the handling of

Moe's claim for advance payment of medical expenses by the Montana Unfair

Trade Practices Act ("UTPA"), Mont. Code Ann. §§ 33-18-201 et seq., and the

common law.[1]

Sometime around October 1, 2004 – while Moe's case against Walling was

pending – System Transport paid the medical expenses claimed by Moe in the

amount of $3,868.50.  A year later, on October 18, 2005, Moe effected a

settlement of her personal injury claim against System Transport and its driver

Kenneth Gert in exchange for System Transport's payment of $19,868.50

inclusive of sums previously advanced in payment of Moe's medical expenses.

Subsequently, Moe's statutory and common-law bad faith claims against

Walling proceeded to trial.  On November 21, 2009, a jury verdict was entered

awarding compensatory damages to Moe in the amount of $25,000.00.  The

verdict also found that Walling was liable for punitive damages.  The separate

---

[1]Moe's claims against Walling were limited to medical expenses incurred prior
to April 26, 2004.  *See* Dkt. # 51, pp. 4-5.

proceeding required to be promptly held under Mont. Code Ann. § 27-1-221(7)(a) to determine the amount of punitive damages has yet to be held.

On October 13, 2006, Moe filed the present action against System Transport in the Montana Fourth Judicial District Court, Missoula.  Moe seeks both compensatory and punitive damages for System Transport's alleged violations of the UTPA and common law in its handling of Moe's personal injury claim. System Transport removed the case to this Court on November 5, 2009.

The principal issues presented for resolution in this case are whether System Transport failed to:  (1) advance payment of medical expenses incurred by Moe after April 26, 2004; and (2) attempt in good faith to effect a prompt and fair settlement of Moe's personal injury claim in its entirety after liability had become reasonably clear.  *See* Dkt. # 51, pp. 9-10.

On October 7, 2009, Moe served discovery requests on System Transport with respect to her claims advanced in this action.  On November 6, 2009, System Transport responded to Moe's discovery requests asserting numerous objections to various requests.  Moe now moves to compel System Transport to respond to 32 of her interrogatories, requests for admission, and requests for production, and to provide the discovery matters requested.  The Court will address the individual discovery requests below.

3

## II.  DISCUSSION

In general, a litigant is entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]"  Fed. R. Civ. P. 26(b)(1).  Also, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.

The scope of discovery and the definition of "relevant" under Rule 26(b)(1) have "been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  "If the information sought might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement, it is relevant to the subject matter involved in the pending action."  *Brown v. Lombard Canada*, 26 M.F.R. 220, 221-22 (2000).  Finally, the district courts have discretion in assessing relevance for discovery purposes.  *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005).

Upon a party's failure to disclose requested information, the requesting party may move to compel the opposing party to produce the requested discovery materials.  Fed. R. Civ. P. 37(a)(1).  Specifically, a party's failure to answer an

4

interrogatory, or to respond to a request for production are grounds for obtaining

an order compelling disclosure.  Fed. R. Civ. P. 37(a)(3)(B).

Based on the liberal discovery policies of the Federal Rules of Civil

Procedure, a party opposing discovery carries a "heavy burden" of showing why

discovery should not be allowed.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429

(9th Cir. 1975).  "The party who resists discovery has the burden to show that

discovery should not be allowed, and has the burden of clarifying, explaining, and

supporting its objections."  *DIRECT TV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D.

Cal. 2002) (citing *Blankenship*).

In ruling on a motion to compel, "[b]road discretion is vested in the trial

court to permit or deny discovery[.]"  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th

Cir. 2002).

A.    **Discovery Objections That Are Resolved**

System Transport advanced limited procedural objections to several of

Moe's discovery requests on the grounds that:  (1) Moe's discovery requests were

barred as premature under Fed. R. Civ. P. 26(d)(1); (2) Moe's interrogatories

exceeded the limit of 25 interrogatories imposed under Fed. R. Civ. P. 33(a); and

(3) its pending summary judgment motion on grounds of res judicata and collateral

estoppel, if successful, would have alleviated the need to engage in unduly

burdensome discovery which would unnecessarily waste time and resources.

5

The three objections identified above have been resolved.  System Transport concedes Moe's discovery requests are no longer premature, and Moe has now identified fewer than 25 interrogatories to which she expects System Transport to answer.  Therefore, System Transport withdraws its objections advanced on these grounds.

Additionally, the Court has issued its ruling addressing System Transport's summary judgment motion recommending that the motion be denied, in part. Therefore, System Transport's objection based on an anticipated favorable summary judgment ruling is overruled as moot.

These three objections are the only objections System Transport raised with respect to the following discovery requests submitted by Moe:

- Discovery Request No. 1 - Interrogatory (identity of witnesses);

- Discovery Request No. 8 - Interrogatory (reasons for failing to accept liability and pay claims);

- Discovery Request No. 9 - Interrogatory (identity of individuals involved in denial of claims);

- Discovery Request No. 10 - Interrogatory (identity of manuals, memorandums, and documents regarding Discovery Request No. 20 - Request for Admission);

- Discovery Request No. 11 - Interrogatory (identity of documents relied upon by System Transport in adjusting Moe's claims);

- Discovery Request No. 12 - Interrogatory (identity of authoritative documents regarding investigating and adjusting injury claims);

-       Discovery Request No. 14 - Interrogatory (reprimands of individuals handling Moe's injury claims);

-       Discovery Request No. 15 - Interrogatory (identity of files relative to Moe's injury claims);

-       Discovery Request No. 19 - Interrogatory (explanation of Walling's role in adjusting Moe's injury claims, and details of System Transport's agreement with Walling);

-       Discovery Request No. 20 - Request for Admission (that System Transport maintains documents reflecting practices and policies regarding handling injury claims);

-       Discovery Request No. 29 - Request for Admission (that System Transport's liability for the subject vehicle collision was reasonably clear);

-       Discovery Request No. 44 - Request for Admission (that System Transport is relying on "advice of counsel");

-       Discovery Request No. 49 - Request for Production (claims adjusting contracts between System Transport and Walling);

-       Discovery Request No. 56 - Request for Production (all documents referred to in answers to interrogatories and requests for admission);

-       Discovery Request No. 57 - Request for Production (System Transport's policies and procedures concerning handling of injury claims);

-       Discovery Request No. 65 - Interrogatory (identity of any third party System Transport contends is obligated to contribute to, or indemnify System Transport for Moe's claims in this action); and

-       Discovery Request No. 66 - Request for Production (insurance policies covering System Transport's liability for  Moe's claims in this action).

Because System Transport's objections to these particular discovery

requests have been resolved, Moe's motion to compel is GRANTED.

### B.   <u>Discovery Request Nos. 13, 17, 60 and 61 - Relevancy</u>

Moe's October 6, 2009 discovery requests included the following:

> <u>Discovery Request No. 13. - Interrogatory</u>:  If Defendant has ever had a claim made against it, or been a party to any legal action, resulting from the alleged breach of an implied covenant of good faith and fair dealing or alleged violations of Montana's Unfair Claims Settlement Practices Act or similar statute, please identify each such action or claim.

> <u>Discovery Request No. 17 - Interrogatory</u>:   Identify every jury verdict for punitive damages entered against Defendant since January 1, 1995, through the present including, for each, the complete citation to or caption of the case, amount of punitive award, and result on appeal, if any.

> <u>Discovery Request No. 60 - Request for Production</u>:  Please produce a copy of all deposition transcripts (including exhibits), all trial transcripts (including exhibits) and all affidavits where any of Defendant's employees, agents, claims adjusters, supervisors or attorneys involved in Plaintiff's injury claims gave testimony or sworn statements involving claims handling issues since January 1, 1995.

> <u>Discovery Request No. 61 - Request for Production</u>:  Please produce a copy of all deposition transcripts (including exhibits) and all trial transcripts (including exhibits) where Defendant has provided testimony concerning claim handling issues since January 1, 1995. This request seeks any testimony in which the individual testifying was presented by Defendant, pursuant to Rule 30(b)(6) or otherwise, as the person chosen to testify on its behalf as to claims handling issues.

System Transport opposes Moe's motion to compel with respect to these four discovery requests on the ground that the requests seek information that is not relevant to any claim or defense asserted in this case, and the requests are not reasonably calculated to lead to the discovery of relevant and admissible evidence. The Court disagrees to the extent the requests are limited to information to claims made and actions filed in Montana — the forum state.

Moe contends the information sought in the four discovery requests is discoverable as it is relevant to her claim for punitive damages. Moe's claim for punitive damages is governed by Montana law, including the statutory provisions set forth in Mont. Code Ann. §§ 27-1-220 and 221. The factual matters that are relevant to the trier of fact's consideration of the amount of a punitive damage award include the following:

> (I) the nature and reprehensibility of the defendant's wrongdoing;
>
> (ii) the extent of the defendant's wrongdoing;
>
> (iii) the intent of the defendant in committing the wrong;
>
> (iv) the profitability of the defendant's wrongdoing, if applicable;
>
> (v) the amount of actual damages awarded by the jury;
>
> (vi) the defendant's net worth;
>
> (vii) previous awards of punitive or exemplary damages against the defendant based upon the same wrongful act;

(viii) potential or prior criminal sanctions against the defendant based upon the same wrongful act; and

(ix) any other circumstances that may operate to increase or reduce, without wholly defeating, punitive damages.

Mont. Code Ann. § 27-1-221(7)(b).

In assessing the propriety of imposing punitive damages, or the reasonableness of the amount of a punitive damages award, one of the most important considerations is "the degree of reprehensibility of the defendant's misconduct[.]" *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003). Consequently, evidence of a defendant's conduct in other cases may be relevant and admissible if it is evidence of conduct that is (1) unlawful in the jurisdiction in which it was committed, and (2) sufficiently similar to the conduct in the instant case. *Campbell*, 538 U.S. at 421-23.

Furthermore, Moe's claims in this case stem from System Transport's handling of Moe's personal injury claim. Her causes of action are advanced under the UTPA, and the common law relative to the implied covenant of good faith and fair dealing.

In view of the broad definition of "relevant" discovery, and based on both *Campbell* and the factors identified in Mont. Code Ann. § 27-1-221(7)(b), Moe's Discovery Requests Nos. 13, 17, 60 and 61 properly seek discoverable information relevant to her legal claims for relief, and to her claim for punitive damages.

Specifically, the subjects of requests 13 and 17 are relevant based on § 27-1-221(7)(b)(I) and (vii) above, and the statements sought in requests 60 and 61 are relevant to Moe's claims regarding System Transport's claims-handling practices. Thus, Moe's motion is GRANTED with respect to these discovery requests. The admissibility at trial of the evidence produced in discovery, however, can only be assessed in the context of trial.

### C.   __Discovery Request Nos. 55, 58, and 62 - Privacy Interests__

Moe's discovery contains three requests to which System Transport objects on privacy grounds. System Transport asserts the discovery requests seek confidential information that is protected by privacy rights. The three discovery requests at issue state as follows:

> Discovery Request No. 55 - Request for Production:  Please produce a copy of all Defendant's financial statements generated by Defendant or Defendant's agents in the years 2000 through present.

> Discovery Request No. 58 - Request for Production:  Please produce a copy of any and all of Defendant's employment contracts with agents, employees, or other representatives of Defendant who were involved in the handling of Plaintiff's injury claims.

> Discovery Request No. 62 - Request for Production:  Concerning each of the Defendant's employees, agents, claims personnel and supervisors playing any role in the claims adjusting or supervision of the claims adjusters handling Plaintiff's injury claims, please produce copies of any awards, honors, bonuses or any other monetary or non-monetary recognition given to claims personnel for their performance, together with copies of the documents reflecting the basis for making those awards.

With respect to request No. 55, System Transport's financial statements are relevant to Moe's claim for punitive damages. Montana law permits consideration of a defendant's net worth in assessing an appropriate amount of a punitive damage award, if any. Mont. Code Ann. § 27-1-221(7)(b)(vi).

Additionally, System Transport has failed to establish its financial statements contain confidential information that potentially warrants protection from discovery Fed. R. Civ. P. 26(c)(1)(G). In general, and absent a court order to the contrary, "the fruits of pre-trial discovery are [...] presumptively public." *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (quoting *San Jose Mercury News, Inc. v. United States District Court-Northern District*, 187 F.3d 1096, 1103 (9th Cir. 1999)). "[T]here is no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979) (citation omitted).

Rule 26(c), however, authorizes a district court to override the presumption that a document is public where "good cause" is shown. *Phillips*, 307 F.3d at 1210. The required showing imposes a burden on the party to demonstrate that "specific prejudice or harm will result if no protective order is granted." *Id*. 307 F.3d at 1210-11. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test[.]" *Id.* (quoting *Beckam Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.

1992)).  Therefore, sufficient information must be presented to the court to allow it to engage in a proper "good cause" analysis as is required of the district courts. *See Phillips*, 307 F.3d at 1211-12.

System Transport has not identified any specific private or confidential commercial information within the financial statements that would be entitled to protection, and it also has not moved for the issuance of a protective order as required under Fed. R. Civ. P. 26(c)(1)(G).  Therefore, System Transport's objections based on privacy interests, trade secrets, or confidential information is OVERRULED.

With respect to request Nos. 58 and 62, System Transport simply asserts the requested documents may contain financial and personal information concerning individuals who are not parties to this action.  Given the nature of the documents sought in requests 58 and 62, it is possible that the documents may contain irrelevant, sensitive personal information such as home addresses or social security numbers.  The disclosure of private information could potentially subject non-parties to identity theft or other harm.  *See Bromgard v. Montana*, 2007 WL 2710379, *10 (D. Mont. 2007) (citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006)).  Accordingly, System Transport may redact any irrelevant sensitive personal or private identifying information contained in any documents that are responsive to requests 58 and 62.  Moe's motion, however,

13

is otherwise GRANTED, and System Transport must produce responsive

documents that are redacted as permitted by this Order.

### D.     Discovery Request Nos. 18, 45, 48, 50, 51, 54, 59, and 64 - Attorney-Client Privilege and Work Product Doctrine

System Transport objected to several of Moe's discovery requests on the

grounds that the information or materials sought are protected from discovery

based on either the attorney-client privilege, or the work product doctrine.  Moe

moves to compel discovery on eight of her discovery requests to which System

Transport objected on these grounds.  The court will address those eight discovery

requests separately below.

Sitting in diversity jurisdiction, 28 U.S.C. § 1332(a), the Court applies the

privilege law of the forum state, Montana.  *Theme Promotions, Inc. v. News

America Marketing FSI*, 546 F.3d 991, 1007 (9th Cir. 2008); Fed. R. Evid. 501;

and *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir. 1987).

In contrast, the work product doctrine is governed by federal law.  The work

product doctrine is not an evidentiary privilege; rather, it is a limitation on

discovery, or a "qualified immunity" from discovery.  *Mitchell Engineering v.

City and County of San Francisco*, 2010 WL 1853493, *2 (N.D. Cal. 2010);

*Kandel v. Brother International Corp.*, 683 F. Supp. 2d 1076, 1083 (C.D. Cal.

2010).  Unlike the attorney-client privilege, the scope of the work product doctrine

is determined by reference to federal law when the federal court sits in diversity. *See Mitchell Engineering*, 2010 WL 1853493 at *2, and *Kandel*, 683 F. Supp. 2d at 1083.

### 1.   Legal Standards

The following standards apply to the attorney-client privilege and work product doctrine asserted by System Transport.

### a.   Attorney-Client Privilege

The attorney-client privilege applies only to communications in which legal advice is sought by the client, or legal advice is given by the attorney.  *State ex rel United States Fidelity and Guaranty Co. v. Montana Second Judicial District Court*, 240 Mont. 5, 11, 783 P.2d 911, 914 (Mont. 1989); Mont. Code Ann. § 26-1-803.

System Transport asserts the attorney-client privilege in response to each of the eight discovery requests discussed below.  In general, therefore, to the extent Moe's discovery requests seek documents or materials that contain communications between System Transport (including its employees or agents) and its attorneys in which System Transport was seeking legal advice, or where legal advice was given, the documents are protected from discovery by the attorney-client privilege.  Moe's motion is generally DENIED in this respect.

System Transport has filed the privilege log it generated in response to

Moe's discovery requests.  Dkt. # 36-1.  Based upon a review of that log, and

based on System Transport's representations in the log that certain documents

contain attorney-client communications, the Court finds that the following

documents are sufficiently described in the log to invoke the attorney-client

privilege:  Bates Stamped Nos. Sys. Tran. 0637-0638,[2] 0641, 0644-0645,[3] 0648,[4]

---

[2]Based on System Transport's representations in the privilege log, it appears that Terry Martin is an attorney, and is either in-house counsel for System Transport, or was separately retained by System Transport.  Thus, Mr. Martin's communications with R. Phillips, made on behalf of System Transport, constitute attorney-client communications.

[3]Based on System Transport's representations in the privilege log, these documents are protected from discovery on the basis that Larry Sutton is an employee or agent of Walling which, in turn, was an independent claims adjustor or agent acting on behalf of, and at the direction of System Transport.  In general, the attorney-client privilege extends to communications between a client's attorney and the client's other agents when the communications are made for the purpose of obtaining or rendering legal advice on behalf of the client.  *See In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) (citations omitted).  The extension of the privilege is based on the notion that sound legal advice depends upon the attorney being fully informed, and the necessary information may appropriately come from an agent of the client.  *Id*. at 217-218.  If a client's agent possesses relevant information that would enable the attorney to render legal advice, then the communication is protected by the privilege.  *Id*. at 218.  Based on the forgoing principles, "there is no reason to distinguish between a person on the corporation's payroll and a consultant hired by the corporation if each acts for the corporation and possesses the information needed by attorneys in rendering legal advice."  *Id*. at 219 (citations omitted).  *See also McCaugherty v. Siffermann*, 132 F.R.D. 234, 239 (N.D. Cal. 1990).

Here, Walling was acting on behalf of System Transport in handling and adjusting Moe's claim.  Based only on System Transport's representations in its

0694,[5] 0703-0704, 0706-0708, 0710, 0717-0718, 0719, 0724, 0727-0728, 0729-

0730, 0732, 0756, 0760-0761, 0762-0764, 0765, 0775-0776, 0778-0780, 0781,

0782-0783, 0788, 0824-0825, 0836, 0837, 0864, 0865-0866, 0868, 0889, 0911,

0922, 0924, 0926, 0927-0929, 0930-0934, 0935-0938, 0944, 0946, 0954-0955,

0959, 0986-0988, 1013, 1015, 1020, 1029, 1068-1070, 1089, 1090-1091, 1174,

1202-1203, 1213, 1217, 1219, 1229-1230, 1240-1242, 1243, and 1244-1245.

    The Court finds, however, certain documents identified on the privilege log

do <u>not</u> include a sufficient description of the nature of the documents to establish

that the matters contained within the documents are attorney-client

communications protected by the privilege.  *See* Fed. R. Civ. P. 26(b)(5)(A).

Based on the insufficiency of System Transport's privilege log, the Court could

exercise its discretion and deem System Transport to have waived the attorney-

---

privilege log, the Court construes Larry Sutton's communications with any
attorneys identified in the log as made for the purpose of providing relevant
information to obtain legal advice which, in turn, was for the purpose of handling
and adjusting Moe's claim on behalf of System Transport.  Walling, Larry Sutton,
and any attorneys identified in the log were all acting on behalf of System
Transport and, thus, the communications between those individuals fall within the
attorney-client privilege.

    [4]Based only upon System Transport's representations in the log, the Court
understands G. Swanson to be an agent or employee of System Transport, and "G.
Graham" to be Gary Graham, an attorney at Garlington, Lohn, and Robinson.

    [5]Again, based only upon System Transport's representations, the Court
understands S. Rumbaut to be an agent or employee of System Transport.

client privilege upon consideration of various factors identified in *Burlington Northern & Santa Fe Railway Co. v. United States District Court of the District of Montana*, 408 F.3d 1142, 1149 (9ᵗʰ Cir. 2005).  *See also Equal Employment Opportunity Commission v. Safeway Store, Inc.*, 2002 WL 31947153, *2-3 (N.D. Cal. 2002).  A waiver of the attorney-client privilege, however, is a harsh sanction reserved generally for unjustified, inexcusable, or bad faith conduct, and a waiver may be unnecessary where other remedies are available.  *Safeway Store, Inc.*, 2002 WL 31947153, *2-3.

At this juncture, the Court will decline to deem System Transport's deficient log entries as a waiver of its attorney-client privilege.  Instead, the Court will require System Transport to submit the following documents for in camera review: Bates Stamped Nos. Sys. Tran. 1260 (06/04/04, 06/08/04, 06/29/04, 07/12/04, and 07/14/04 claim notes),[6] 0705, 0716, 0720, 1259 (08/16/04, 08/30/04, 09/03/04, 09/17/04, 09/20/04, 09/30/04, 10/13/04, 11/15/04, 11/23/04, 11/26/04, 12/10/04, 01/04/05, and 1/24/05 claim notes), 0731, 0733-0734, 0758, 0771-0772, 0777,

---

[6]System Transport's privilege log asserts the attorney-client privilege with respect to several of S. Rumbaut's "claim notes."  The log, however, does not describe who S. Rumbaut is, or whether he or she is an attorney.  Furthermore, System Transport's mere use of the phrase "claim note" to describe the nature of the document does not establish that the claim note contains an attorney-client communication.  Accordingly, the Court finds System Transport's privilege log does not sufficiently provide a basis for its assertion of the attorney-client privilege with respect to S. Rumbaut's "claim notes."

0826, 0829-0830, 0863, 0867, 0892-0894, 0897-0898, 1258 (02/04/05, 02/10/05,

2/11/05, 03/01/05, 03/15/05, 04/06/05, 04/07/05, 04/11/05, and 04/14/05 claim

notes), 0943, 0945, 1014, 1022, 1028, 1257-1258 (05/05/05 claim note), 1257

(05/11/05, 6/10/05, 07/06/05, 07/11/05, 07/26/05, 08/09/05, 08/25/05, 09/15/05,

09/26/05, and 10/11/05 claim notes), 1081, 1122, 1212, 1218, 1239, and 1246.

On a related matter, System Transport's privilege log identifies a settlement

brochure which its attorney, Fred Simpson, apparently prepared for a mediator in

the Walling action.  Disclosure of confidential information to a mediator does not,

by itself, waive the attorney-client privilege.  *Brown v. Lombard Canada*, 26

M.F.R. 220, 228-230 (D. Mont. 2000).  Furthermore, all mediation-related

communications to a mediator are confidential and privileged, and are not subject

to discovery.  Mont. Code Ann. § 26-1-813(3).  Accordingly, Moe's motion is

DENIED with respect to Bates Stamped Nos. Sys. Tran. 0960-0980.

### b.   **Work Product Doctrine**

System Transport contends the work product doctrine protects from

disclosure information and materials sought in each of the eight disputed

discovery requests.  Because System Transport asserts the work product doctrine

generally, and does not argue for its application to any specific document it

withheld from production, the Court will discuss the doctrine as it applies to all of

the eight requests.

The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Fed. R. Civ. P. 26(b)(3)(A).  *See Dion v. Nationwide Mutual Ins. Co.*, 185 F.R.D. 288, 292 (D. Mont. 1998).

> [T]o qualify for protection against discovery under [Rule 26(b)(3)(A)], documents must have two characteristics: (1) they must be 'prepared in anticipation of litigation or for trial', and (2) they must be prepared 'by or for another party or by or for that other party's representative.'

*In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management)*, 357 F.3d 900, 907 (9th Cir. 2004) (citation omitted).  "The primary purpose of the work product doctrine is to 'prevent exploitation of a party's efforts in preparing for litigation'."  *Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992) (quoting *Admiral Ins. Co. v. United States District Court*, 881 F.2d 1486, 1494 (9th Cir. 1989)).

### (1)   Anticipation of Litigation - Ordinary Work Product - Opinion Work Product

As a threshold matter, the work product doctrine protects documents from discovery only when the documents were prepared in "anticipation of litigation." The requisite anticipation requires "more than the mere possibility of litigation[.]" *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D. Wash. 2004).

In considering whether a particular document was prepared in anticipation of litigation, "[i]t is well established that documents prepared in the ordinary course of business are not protected by the work-product doctrine because they would have been created regardless of the litigation." *Heath*, 221 F.R.D. at 549-50 (quoting Advisory Committee Notes to Fed. R. Civ. P. 26(b)(3)). Consequently, application of the work product doctrine is complicated in the realm of insurance claims and related litigation because insurers are always "in the business of conducting, investigating and evaluating claims against its policies." [7] *Kansas City Southern Railway, Co. v. Nichols Construction Co., L.L.C.*, 2007 WL 2461014, *4 (E.D. La. 2007). In the insurance industry,

> materials prepared as part of claims investigation are generally not considered work product due to the industry's need to investigate claims. Such materials are part of the ordinary course of business unless there is a

---

[7] Clearly, System Transport is not an insurance company per se. It is, however, self-insured. The discussion that follows regarding the anticipation-of-litigation analysis applicable to cases involving insurance companies applies equally to entities that are self-insured. *Equal Employment Opportunity Commission v. Safeway Store, Inc.*, 2002 WL 31947153, *5 (N.D. Cal. 2002).

> Businesses frequently prepare documents for multiple purposes, such as to supervise corporate employees, administer self insurance programs, analyze safety, prevent accident reoccurrences, respond to regulatory agencies, and comply with state and federal statutory and regulatory law.

*Fru-Con Construction Corp. v. Sacramento Municipal Utility District*, 2006 WL 205099, *3 (E.D. Cal. 2006) (emphasis added). Documents generated in these ordinary-course-of-business circumstances within which self-insured entities operate are generally not afforded work product protection.

21

sufficiently concrete connection between the investigation and potential
litigation.

*Bronsink v. Allied Property and Casualty Ins.*, 2010 WL 786016, *2 (W.D. Wash.

2010).  Documents created during those processes are part of the ordinary course

of business of insurance companies.  *HSS Enterprises, LLC v. Amco Ins. Co.*, 2008

WL 163669, *4 (W.D. Wash. 2008).   *See also St. Paul Reinsurance Co., Ltd. v.

Commercial Financial Corp.*, 197 F.R.D. 620, 634-35 (N.D. Iowa 2000) (noting

that the ordinary course of an insurer's routine business can involve several pre-

litigation activities, but those activities do not necessarily cloak documents with

work product protection).

In the context of insurance claim disputes, the nature of the insurer's

activity may eventually develop into activity undertaken in anticipation of

litigation where a sufficient degree of adversity arises between the insurer and the

insured or claimant.

> In determining that point in time at which an insurer's activity shifts from
> the ordinary course of business to anticipation of litigation, a court must
> determine "whether, in light of the nature of the document and the factual
> situation in the particular case, the document can fairly be said to have been
> prepared or obtained *because of the prospect of litigation*."

*Dion*, 185 F.R.D. at 292 n.1 (emphasis added) (quoting *APL Corp. v. Aetna Cas. &

Surety Co.*, 91 F.R.D. 10, 18 (D. Md. 1980)).   *See also In re Grand Jury*

*Subpoena*, 357 F.3d at 907 (citation omitted).  This standard - referred to as the

22

"because of" standard - applies in situations where a document could be

characterized as having been prepared for multiple purposes, i.e. either for

purposes of conducting the ordinary course of business, or in anticipation of

litigation.  *In re Grand Jury Subpoena*, 357 F.3d at 907.

The forgoing dual purpose situations arise during insurance claims

investigations.  *See St. Paul Reinsurance Co., Ltd.*, 197 F.R.D. at 635.  Therefore,

generally the insurer must identify a critical factor which made it anticipate

litigation, and the insurer must demonstrate "that the critical factor did indeed

make the insurer deal with the insured in a different way."  *Stout v. Illinois*

*Farmers Ins. Co.*, 852 F. Supp. 704, 707 (S.D. Ind. 1994).  *See also Kansas City*

*Southern Railway, Co.*, 2007 WL 2461014 at *4.  In particular, where an insurer

has not yet formally denied a claim, the insurer "bears the burden of persuasion by

presenting specific evidentiary proof of objective facts demonstrating a resolve to

litigate."  *Bronsink*, 2010 WL 786016 at *2 (citation omitted).

The party resisting discovery of documents identified in a privilege log that

were withheld on the grounds of the work product doctrine bears the burden of

establishing the right to withhold the documents.  *Kephart v. National Union Fire*

*Ins. Co.*, 2007 WL 2253608, *2 (D. Mont. 2007).  "The party asserting the work

product doctrine has the burden of establishing, <u>for each document</u>, the rule's

application."  *HSS Enterprises, LLC*, 2008 WL 163669 at *4 (emphasis added).

23

System Transport contends that many of the documents identified in its privilege log that are responsive to the eight disputed discovery requests are protected by the work product doctrine.  In support of its contention, System Transport must establish that the documents were prepared in anticipation of litigation.  Its sole argument, however, with respect to the date on which it reasonably anticipated litigation is as follows:  "[System Transport] reasonably anticipated that Moe's claim could proceed to litigation as of August 15, 2003, the date of Moe's accident."  Dkt. # 36 at 12.  The Court disagrees.

System Transport has wholly failed to meet its burden of proving that the documents it withheld based on the work product doctrine were all created in anticipation of litigation.  Its assertion that litigation was anticipated is based solely on the motor vehicle accident that gave rise to Moe's personal injury claims.  But neither the underlying motor vehicle accident, nor Moe's personal injuries are the subject of this action.  Rather, this action advances claims under the UTPA and common law alleging System Transport engaged in "bad faith" conduct during the course of handling Moe's injury claim.  Thus, it cannot be reasonably concluded that the date of the accident, standing alone, caused System Transport to anticipate litigation under the UTPA or the common law stemming from the manner in which it subsequently handled Moe's injury claim.  System Transport's blanket reliance on the date of the accident fails to provide the

24

requisite proof specific to each document identified in System Transport's February 22, 2010 privilege log.  Moreover, System Transport has not offered any other date on which it relies to demonstrate it reasonably anticipated bad faith litigation stemming from its handling of Moe's injury claims.

Furthermore, because System Transport is self-insured, the subject documents must generally be characterized as having been created in the ordinary course of System Transport's self-insured activities.  Thus, System Transport's mere reliance on the motor vehicle accident itself as having caused it to anticipate subsequent bad faith litigation is not sufficient to counter the well-settled scope of a self-insured's ordinary course of business - that being the investigation and evaluation of claims against the self-insured entity.

Although not argued by System Transport, the Court recognizes System Transport might be able to establish it reasonably anticipated bad faith litigation as of April 26, 2004, when Moe effected service of her lawsuit against Walling. Generally, work product protection can extend to documents generated after the litigation is filed.  *Equal Employment Opportunity Commission v. International Profit Associates, Inc.*, 206 F.R.D. 215, 220-21 (N.D. Ill. 2002); *Shannon v. Koehler*, 257 F.R.D. 519, 521 (N.D. Iowa 2009); *Garcia v. City of El Centro*, 214 F.R.D. 587, 595 (S.D. Cal. 2003).  In some situations "work product protection presumptively extends to the confidential documents generated [...] after the

lawsuit was filed." *Lawyers Title Ins. Corp. v. United States Fidelity & Guaranty Co.*, 122 F.R.D. 567, 570 (N.D. Cal. 1988).

Although April 26, 2004, may be an appropriate point in time that System Transport may have believed litigation regarding its handling of Moe's personal injury claim was imminent, System Transport has not met its burden of establishing that it reasonably anticipated this bad faith litigation at that time.  The burden System Transport must satisfy is significant because in situations where an insurer or self-insured entity is investigating a claim in its ordinary course of business, litigation is not "automatically anticipated for work-product purposes when a suit is 'commenced.'"  *HSS Enterprises, LLC*, 2008 WL 163669 at *5. Instead, a case-by-case analysis of the anticipation of litigation is necessary.  *Id*. Consequently, absent arguments and proof from System Transport, it is possible that April 26, 2004, may not necessarily be the date applicable to all documents in System Transport's privilege log.

Nonetheless, even assuming System Transport could demonstrate that April 26, 2004, was the date it reasonably anticipated litigation over its handling of Moe's claim, it has not satisfied its burden of establishing that the work product doctrine applies to each of the individual documents it withheld.  System Transport has not provided any description of the specific circumstances surrounding the generation of each document.  It has offered no explanation of the

26

reason each document was created, and it has presented no evidentiary proof

establishing that "each document" was created "because of the prospect of

litigation." *HSS Enterprises, LLC*, 2008 WL 163669 at *4. Absent "specific

evidentiary proof that demonstrates [a party's] resolve to litigate," the opposing

party has failed to show work product protection is appropriate. *Bronsink*, 2010

WL 786016 at *3.

     As a further element of the work product analysis, a requesting party must

demonstrate the requisite need for the documents, the hardship in attempting to

obtain the documents by other means, and the relevance of the documents. Rule

26(b)(3) of the Fed. R. Civ. P. further distinguishes between ordinary work

product and opinion work product with respect to the degree of need the

requesting party has for the documents. *Dion v. Nationwide Mutual Ins. Co.*, 185

F.R.D. 288, 292 (D. Mont. 1998). Ordinary work product includes general

documents and tangible things prepared in anticipation of litigation and is

discoverable if the requesting party shows a "substantial need for the materials to

prepare its case and cannot, without undue hardship, obtain their substantial

equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). In contrast, the Court

is obligated to "protect against disclosure of the mental impressions, conclusions,

opinions, or legal theories of a party's attorney or other representative concerning

the litigation." Fed. R. Civ. P. 26(b)(3)(A)(ii). Thus, opinion work product is

27

afforded greater protection, and a party seeking such materials must show that the "mental impressions are directly at issue in a case and the need for the material is compelling." *Dion*, 185 F.R.D. at 292.

In bad faith insurance litigation the "strategy, mental impressions and opinion of the [insurer's] agents concerning the handling of the claim are directly at issue." *Holmgren v. State Farm Mutual Automobile Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (quoting *Reavis v. Metropolitan Property & Liability Ins. Co*, 117 F.R.D. 160, 164 (S.D. Cal. 1987)). *See also Dion*, 185 F.R.D. at 292-3. With regard to the need for the material

> [t]he processing of a claim by an insurer is almost entirely an internal operation and its claims file reflects a unique, contemporaneous record of the handling of the claim. The need for such information "is not only substantial but overwhelming."

*Dion*, 185 F.R.D. at 293 (quoting *Brown v. Superior Court*, 137 Ariz. 327, 670 P.2d 725, 734 (1983)). The need for this information, including information in a claims file such as an agent's "opinion of the viability and value of [a] claim[,]" is compelling. *Holmgren*, 976 F.2d at 577. Specifically, a claim of bad faith under the Montana Unfair Trade Practices Act "necessarily creates a compelling need to discover the full context in which the insurer handled the underlying claim." *Dion*, 185 F.R.D. at 293.

Based on the forgoing, "the dispositive issue [. . .] is whether [the plaintiff has] established the requisite level of need and hardship to compel production of the work product contained within [the insurer's] claim file." *Dion*, 185 F.R.D. at 292. In this case, the law stated in *Holmgren* and *Dion* establishes Moe's requisite need and hardship for the documents to which System Transport asserts the ordinary and opinion work product doctrine. Under *Holmgren* and *Dion* the work product doctrine does not prevent discovery of many of System Transport's documents in light of Moe's UTPA and common law bad faith claims. Moe's claims necessarily create a compelling or overwhelming need to discover full information about System Transport's handling of Moe's claims against it. *Dion*, 185 F.R.D. at 293. Since the various documents requested are entirely within System Transport's possession, Moe would be unable to obtain that evidence at all, and certainly not without undue hardship to her. Accordingly, ordinary work product materials contained in System Transports documents are discoverable.

With regard to materials subject to the opinion work product doctrine, Moe's UTPA claims place System Transport's agents' strategies, mental impressions and opinions regarding Moe's injury claim directly at issue. Since Moe's need for the information is overwhelming under *Dion*, such opinion work product is discoverable. *Dion*, 185 F.R.D. at 292-93.

29

Based on the foregoing, Moe's motion to compel is conditionally GRANTED with respect to System Transport's assertion of the work product doctrine as to the documents identified in this paragraph and the following paragraph. First, because System Transport has not established any date prior to April 26, 2004, on which it reasonably anticipated litigation, it shall produce all documents dated prior to April 26, 2004, to which it asserts the attorney work product doctrine applies.[8] Those documents are as follows: Bates Stamped Nos. Sys. Tran. 0220, 0270-0271, 0371, 0577, and 0580-0626.

Second, System Transport also shall produce all documents to which it asserts only the ordinary work product doctrine or the general opinion work product doctrine objections. Under authority of *Holmgren* and *Dion*, the work product doctrine does not protect from discovery the documents identified in this paragraph regardless of any date on which System Transport reasonably anticipated this litigation. The documents identified in System Transport's privilege log as withheld based on the ordinary and opinion work product doctrines are as follows: Bates Stamped Nos. Sys. Tran. 0646-0647, 0667-0668, 0676, 0677-0678, 0682-0683, 1260 (05/27/04 claim note), 0713-0714, 0725-0726, 1259 (08/25/04 claim note), 0750-0753, 0754-0755, 0766-0767, 0773-0774, 0827-

---

[8]All of the documents identified in System Transport's privilege log are dated within the time period from September 24, 2003, through October 17, 2005.

0828, 0831-0832, 0842, 0843, 0890-0891, 0895-0896, 0912, 1258 (02/01/05,

02/28/05, 03/04/05, 03/14/05, and 04/05/05 claim notes), 0947-0948, 0949-0951,

0952-0953, 0956, 1023-1026, 1076, 1077-1080, 1257 (06/03/05, 08/02/05,

08/05/05, 09/06/05, and 10/05/05 claim notes), 1092, 1201, 1224-1225, and 1251-

1252.

Moe's motion is conditionally granted based on the following:  With respect

to the documents identified in the two preceding paragraphs, System Transport

may withhold specific documents to the extent it can:  (1) establish a date prior to

April 26, 2004, on which it reasonably anticipated this litigation; (2) satisfy the

evidentiary burden of proof discussed above with respect to each document

withheld to demonstrate the document was genuinely created in anticipation of

this litigation; and (3) demonstrate that the document is not excepted from work

product protection under *Holmgren* and *Dion*.  System Transport must then

prepare a supplemental privilege log with respect to the documents it continues to

withhold based on the work product doctrine.

Finally, based only upon a review of System Transport's privilege log, the

Court finds that certain documents identified in the log dated on or after April 26,

2004, legitimately assert the work product doctrine with respect to documents

genuinely prepared in anticipation of this litigation — as opposed to:  (1)

documents prepared in the ordinary course of System Transport's business of

31

investigating and adjusting claims against it; and (2) documents which are excepted from the work product doctrine under authority of *Holmgren* and *Dion*. Those documents are as follows:  Bates Stamped Nos. Sys. Tran. 0627-0628, and 0630-0634.  Moe's motion is DENIED in this respect.

### (2)   <u>Attorney Work Product</u>

Additionally, in bad faith litigation opinion work product of an insurer's attorneys must be distinguished from that of the insurer's representatives responsible for denying the underlying claim.  *Dion*, 185 F.R.D. at 293.  Unless the insurer relies on the advice of counsel as a defense to the bad faith allegations, the attorney's mental impressions and opinions are not directly at issue in the case and the attorney's opinion work product is still protected.  *Id*.

In this case, System Transport has not represented that it is relying on advice of counsel as a defense in this case.  Therefore, documents which System Transport asserts are protected from discovery by the attorney work product doctrine, and are dated after April 26, 2004, need not be produced, and Moe's motion is DENIED in that respect.  Those documents are as follows:  Bates Stamped Nos. Sys. Tran. 0635, 0636, 0639-0640, 0641, 0642-0643, 0649, 0782-0783, 0911, 0990, and 1250.

### 2.      General Opinion Documents - Discovery Request No. 64

Moe seeks production of documents that contain general opinions on certain

matters.  Moe's request states as follows:

> Discovery Request No. 64 - Request for Production:  Please produce copies
> of any letters, dated after January 1, 1995, from attorneys or others,
> providing opinions to Defendant or its agents about Montana law in general
> (as opposed to opinions about a specific case) regarding or in any way
> referring to Montana injury claims.  You may exclude anything dated after
> service of the complaint herein.

Discovery Request No. 64 expressly requests production of "opinions" from

"attorneys" that were given to System Transport.  Those legal opinions fall

directly within the attorney-client privilege and are protected from discovery.

Therefore, Moe's motion is DENIED to the extent she seeks opinions from

attorneys.

The discovery request, however, also seeks opinions from "others"

regarding Montana law in general, but not with regard to a specific case.  To the

extent this request seeks opinion documents from non-attorneys which were

prepared without regard to any specific case, the request does not seek "documents

and tangible things that are prepared in anticipation of litigation or for trial[.]"

Fed. R. Civ. P. 26(b)(3)(A).  Therefore, the documents would not be protected

from discovery under the work product doctrine, and Moe's motion is GRANTED

in that respect.  System Transport shall produce documents responsive to this

request which are prepared by non-attorneys, but which were not prepared based on the existence of any specific case.

**3.    Remaining Discovery Requests to which System Transport Objected on Attorney-Client Privilege or Work Product Grounds**

With respect to the seven remaining discovery requests discussed below, System Transport did not specifically respond to Moe's motion to compel relative to the substance of the discovery requests, or with respect to any specific document that may be responsive to any of these requests.  Instead, System Transport simply advanced its general arguments regarding the applicability of the attorney-client privilege or the work product doctrine.  System Transport's failure to otherwise respond specifically is deemed an admission that Moe's motion is well-taken.  L.R. 7.1(d)(1)(B).

Despite System Transport's failure to respond directly to any of the following discovery requests, the Court will address the application of the attorney-client privilege and the work product doctrine as to each discovery request below.

**a.    Terry Martin - Discovery Request No. 18**

Moe sought information about an individual named Terry Martin.  Moe's interrogatory states as follows:

Discovery Request No. 18 - Interrogatory:  Please explain in complete detail the role of Terry Martin in the adjusting of Plaintiff's injury claims.

Discovery Request No. 18 seeks neither attorney-client privileged communications, nor work product materials.  The interrogatory merely requests an explanation of the role Mr. Martin served with respect to System Transport's conduct in adjusting Moe's injury claim, and it does not request a description of the substance of any specific communication between Mr. Martin and System Transport.  System Transport can describe Mr. Martin's role without disclosing any attorney-client privileged communication.

Furthermore, the work product doctrine protects from discovery only "documents and tangible things that are prepared in anticipation of litigation or for trial[.]"  Fed. R. Civ. P. 26(b)(3)(A).  A description of Mr. Martin's role does not necessitate the disclosure of any document or tangible thing.

Therefore, Moe's motion is GRANTED.  System Transport shall provide an answer to the interrogatory.

**b.    Documents from Persons with Knowledge - Discovery Request No. 45**

Moe seeks production of written documents from persons with knowledge of any claim or defense in this lawsuit.  The request states as follows:

Discovery Request No. 45 - Request for Production:  Please produce copies of all written statements, notes or other tangible writings (created or in

35

existence prior to September 14, 2009)[9] of any person with knowledge of facts relevant to any claim or defense asserted in this cause.

To the extent this request seeks documents or materials that contain communications between System Transport (including its employees or agents) and its attorneys in which System Transport was seeking legal advice, or where legal advice was given, the documents are protected from discovery by the attorney-client privilege.  Moe's motion is DENIED in this respect.

Although System Transport asserts the work product doctrine objection in response to this discovery request, it has not identified any particular document that is responsive to this request.  Nonetheless, given the nature of the documents requested it is possible that some responsive documents may have been genuinely created in anticipation of this litigation.  Therefore, System Transport may withhold specific documents responsive to this discovery request to the extent it can:  (1) establish a date after which it reasonably anticipated this litigation; (2) satisfy the evidentiary burden of proof discussed above with respect to each document withheld to demonstrate the document was genuinely created in anticipation of this litigation; and (3) demonstrate that the document is not excepted from work product protection under *Holmgren* and *Dion*.  System Transport must then prepare a supplemental privilege log with respect to the

---

[9]September 14, 2009, is the date the summons and complaint filed in this matter was served on System Transport.

documents it continues to withhold based on the work product doctrine.  Moe's

motion is DENIED with respect to documents that are subject to this paragraph.

To the extent that any document responsive to this discovery request was

not generated in anticipation of this litigation, System Transport shall produce the

document.  Moe's motion is GRANTED in this respect.

  c. **Documents and Materials on which System**
    **Transport Relied in Handling Moe's Injury Claim -**
    **Discovery Request Nos. 48 and 53**

Moe's discovery requests include two requests to produce documents on

which System Transport relied when it made decisions on Moe's injury claim, and

other documents relative to Moe and her injury claim.  The specific requests state

as follows:

> Discovery Request No. 48 - Request for Production:  Please produce all
> documents that were relied upon by Defendant in the decision making
> process as to the compensability of Plaintiff's injury claims.

> Discovery Request No. 53 - Request for Production:   Please produce any
> investigation reports, inter-office memoranda or inter-departmental
> memoranda (created or in existence prior to September 14, 2009) relating to
> Plaintiff, Plaintiff's injury claims, or your decisions regarding Plaintiff's
> injury claims.

To the extent these requests seek documents or materials that contain

communications between System Transport (including its employees or agents)

and its attorneys in which System Transport was seeking legal advice, or where

37

legal advice was given, the documents are protected from discovery by the

attorney-client privilege.  Moe's motion is DENIED in this respect.

To the extent System Transport asserts the work product doctrine as an

objection to these requests, the objection is OVERRULED, and Moe's motion is

GRANTED for the reasons discussed in the work product section above.  Moe's

requisite need and hardship relative to the documents requested, and the relevance

of the documents, are all established based on *Holmgren* and *Dion*.  System

Transport shall produce documents responsive to these discovery requests.

### d.  System Transport's Documents and Files Regarding Moe - Discovery Request Nos. 50 and 51

Two of Moe's discovery requests seek to obtain System Transport's

documents and files regarding Moe and her claims stemming from the underlying

August 15, 2003 motor vehicle collision.  Those requests state as follows:

> Discovery Request No. 50 - Request for Production:  Please produce all
> documents and files (created or in existence prior to September 14, 2009)
> related to Plaintiff's claim for compensation from Defendant, including but
> not limited to the general files, local files, regional files, home office files,
> billing files, and any and all claims files, the correspondence files, and any
> other documents including, but not limited to writings, drawings, graphs,
> charts, photographs, motion picture films, phonograph records, tape and
> video recordings, records, reports, investigations, evaluations and other data
> compilations from which information can be obtained, and translated, if
> necessary, by Plaintiff through detection devices into reasonable usable
> form.

> Discovery Request No. 51 - Request for Production:  Please produce any
> other file relating to Plaintiff, including [...] but not limited to claims files

on Plaintiff maintained by Defendant or its agents in any other office if not included in the documents described above.

To the extent these requests seek documents or materials that contain communications between System Transport (including its employees or agents) and its attorneys in which System Transport was seeking legal advice, or where legal advice was given, the documents are protected from discovery by the attorney-client privilege.  Moe's motion is DENIED in this respect.

To the extent System Transport asserts the work product doctrine as an objection to these requests, the objection is OVERRULED, and Moe's motion is GRANTED for the reasons discussed in the work product section above.  Moe's requisite need and hardship relative to the documents requested, and the relevance of the documents, are all established based on *Holmgren* and *Dion*.  System Transport shall produce documents responsive to these discovery requests.

Specifically, documents in System Transport's claims files are excepted from work product doctrine protection.  *See Holmgren*, 976 F.2d at 577, and *Dion*, 185 F.R.D. at 293.  System Transport shall produce documents from its claims files that are responsive to these discovery requests.

e.    **Claims Manual, Policies, and Documents Regarding the UTPA and Claims Handling - Discovery Request No. 59**

Moe's discovery request seeks production of claims manuals and policies as follows:

Discovery Request No. 59 - Request for Production:  Please produce any and all claims manuals, memoranda, policy statements, inter-office or inter-departmental correspondences, letters or other documents relating to your interpretation of Montana's Unfair Claims Settlement Practices Act or relating to the adjusting of injury claims.

To the extent this request seeks documents or materials that contain communications between System Transport (including its employees or agents) and its attorneys in which System Transport was seeking legal advice, or where legal advice was given, the documents are protected from discovery by the attorney-client privilege.  Moe's motion is DENIED in this respect.

To the extent System Transport asserts the work product doctrine as an objection to this request, the objection is OVERRULED, and Moe's motion is GRANTED for the reasons discussed in the work product section above.  Moe's requisite need and hardship relative to the documents requested, and the relevance of the documents, are all established based on *Holmgren* and *Dion*.  System Transport shall produce documents responsive to this discovery request.

Specifically, claims manuals, and related policies, memoranda, correspondences, letters or other documents relative to the subject of claims

40

handling are relevant at least with respect to Moe's claims advanced under the common law of Montana. *See Moss v. State Farm*, 28 M.F.R. 204, 211 (D. Mont. 2001). Therefore, System Transport's claims manuals and related policies are discoverable and Moe's motion is GRANTED in this respect.

### E.   Moe's Request for Additional Time to Accomplish Discovery

The deadline established in this matter for the completion of discovery was June 25, 2010. Trial is set to commence on November 15, 2010. Notwithstanding, Moe asks the Court to afford her 60 days from the date System Transport produces the information that is the subject of the present motion to compel within which to conduct additional discovery. For the reasons detailed below, Moe's request is denied.

To place Moe's request in proper context, the Court undertakes to review the procedural history of this case.

As previously noted, the collision underlying Moe's personal injury claim occurred on August 15, 2003. The claim was settled on October 18, 2005, for the total amount of $19,868.50. Moe waited until a year later — October 13, 2006 — to file the present action in the Montana Fourth Judicial District Court, Missoula challenging the conduct of System Transport in its handling of Moe's claim. Moe did not effect service on System Transport until September 14, 2009 — nearly

41

three years after the complaint was filed.  System Transport removed the case to this Court on November 5, 2009 — a date that was four years after System Transport settled Moe's personal injury claim.  Moe served the discovery requests at issue in the present motion to compel on October 7, 2009, prior to the removal to this Court.

The scheduling order establishing the June 25, 2010 discovery deadline was entered on January 14, 2010.  Pursuant to the discussion elicited at the preliminary pretrial conference, System Transport was directed to produce the "claims file" it generated and maintained with respect to the personal injury claim of Moe on or before February 14, 2010.[10]

System Transport served its responses to Moe's discovery requests on November 6, 2009.  Moe, however, did not file her motion to compel until June 25, 2010 — the date of the discovery deadline.  With unopposed motions by both

---

[10]In its response to Moe's motion to compel, System Transport states, "At the preliminary pretrial conference, the Court ordered [System Transport] to produce its claim file and that it need not respond to Moe's other discovery pending the outcome of its motion for summary judgment."  Dkt. # 36, pp. 1-2.  System Transport is in error in its understanding that a stay of discovery was ordered by the Court.  A directive that significant would have been reflected in the scheduling order.  Moreover, System Transport's suggestion that discovery was stayed is inconsistent with its later assertions that Moe's motion is untimely and that nothing prevented Moe from seeking to compel discovery.  Dkt. # 36, pp. 7-9.

parties for additional to submit briefing on Moe's motion to compel being granted, the matter was finally submitted to the Court for determination on August 7, 2010.

Against this procedural backdrop, the Court finds that Moe's request to conduct additional discovery is properly denied.  Moe was not precluded from presenting her motion to compel in a timely manner.  And in a manner that did not operate to jeopardize the trial date.  The hallmark of Moe's prosecution of her dispute with System Transport over its handling of her personal injury claim has been delay.  Consistent with that strategy, Moe chose not to timely seek a determination upon the propriety of System Transport's discovery responses.  Importantly, the parties were expressly cautioned that a continuance of the deadlines established in the scheduling order of January 14, 2010, would not be granted "absent compelling reasons."  Dkt. # 14, p. 2.  Moe has failed to present a compelling reason that would justify extending the discovery deadline and continuing trial.

## III.  CONCLUSION

For the reasons stated, and under authority of Fed. R. Civ. P. 37(a)(3)(B), IT IS HEREBY ORDERED that Moe's First Motion to Compel Discovery is GRANTED and DENIED in part as specified above.

On or before **October 6, 2010,** System Transport shall submit to the Court, for an in camera review, the documents the Court identified above as being insufficiently described in System Transport's privilege log to support System Transport's assertion of the attorney-client privilege.

On or before **October 8, 2010,** System Transport shall provide responses to Moe's discovery requests in accordance with this Order.

Moe does not request an award of her attorneys' fees and costs incurred in connection with her motion to compel.  Accordingly, because the Court grants Moe's motion in part and denies the motion in part the Court exercises its discretion under Fed. R. Civ. P. 37(a)(5)(C) and declines to apportion the reasonable expenses between the parties.  Each party shall bear its own costs and fees incurred with respect to Moe's motion.

DATED this 30th day of September, 2010.


 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

44