

FILED

OCT 29 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| CARRIE MOE, | ) | CV 09-157-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| SYSTEM TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Carrie Moe brought this action alleging statutory and common law bad faith claims against Defendant System Transport, Inc. On March 30, 2010, System Transport moved for summary judgment arguing (1) Moe has already collected damages for the injuries she is alleging here and (2) her claims in this action are precluded by the doctrines of res judicata and collateral estoppel. System Transport's motion was based on the fact that Moe had already brought action in state court against J. Walling and Associates, Inc. ("Walling"), who

-1-

System Transport hired to adjust Moe's claims. In the Walling action, Moe sought a declaratory judgment for payment of medical benefits and damages, and compensatory and punitive damages under the Montana Unfair Trade Practices Act ("UTPA"). The jury awarded Moe $25,000 for her damages incurred up to April 26, 2004–the date Walling was served the complaint–and found Walling liable for punitive damages. The issue thus presented to Judge Lynch was whether Moe's bad faith claims here are predicated upon the same facts and legal theories as already adjudicated against Walling in state court.

Judge Lynch found, for the most part, they are not. He concluded that Moe's claims for (1) advance payment of medical expenses incurred after April 26, 2004 and (2) System Transport's alleged failure to attempt in good faith to settle her personal injury claim should not be disposed through summary judgment because they are not identical to the issues raised and adjudicated in the Walling action. Judge Lynch did, however, recommend summary judgment in System Transport's favor as to Moe's claim under the UTPA that System Transport failed to advance pay Moe's medical expenses incurred prior to April 26, 2004. Judge Lynch found the claim to be precluded under the doctrine of collateral estoppel.

Moe and System Transport both filed timely objections and are therefore entitled to de novo review of those portions of the Findings and Recommendation

to which they objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual background of this case, so it will not be restated here.

System Transport has two objections. First, it objects to Judge Lynch's conclusion that System Transport is not entitled to summary judgment on Moe's claims for payment of medical expenses incurred after April 26, 2004. System Transport insists that Moe failed to establish a genuine issue for trial that she demanded System Transport pay any such expenses. The objection fails because it was not properly raised and argued before Judge Lynch. System Transport moved for summary judgment on the basis that Moe's bad faith claims in this action are predicated on the same facts and legal theories as those adjudicated in the Walling action. System Transport did not argue, in the alternative, that any distinct claims are also proper for summary judgment. It only raised this newfound argument in reply to Moe's showing that her action here includes distinct claims. As such, the argument is untimely and deemed waived. See Luellen v. City of East Chicago, 350 F.3d 604, 612 n.4 (7th Cir. 2003).

Second, System Transport objects that Judge Lynch mistakenly found Moe's complaint to plead a separate claim that it "failed to . . . attempt in good faith to effect a prompt and fair settlement of Moe's personal injury claim in its entirety after liability had become reasonably clear." Findings at 9. It argues Moe's complaint does not provide fair notice or allege enough facts to state such a claim. This objection suffers from a similar flaw as the first one. System Transport failed to raise this issue before Judge Lynch, and thus it is improper to raise it for the first time on objection. Marshall v. Chater, 75 F.3d 1421, 1427 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); see also Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638-39 (9th Cir. 1988) ("Allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy to present a different theory to the district court would frustrate the purpose of the Magistrate Act."), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992), cert. denied, 507 U.S. 978 (1993).[1]

Moe has a single objection. She challenges Judge Lynch's conclusion that

---

[1] It is worth noting that there appears to be no merit to System Transport's contention that Moe did not properly plead that it failed to attempt to settle her claims in good faith. Moe's complaint factually alleges that System Transport withheld payment of Moe's accrued damages because she had not settled her entire claim, Compl. ¶ 9, and that System Transport "[n]eglected to attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which liability had become reasonably clear." Id. at ¶ 11 (quoting Mont. Code Ann. § 33-18-201(6)).

collateral estoppel bars her from recovering damages for System Transport's failure to pay medical expenses incurred prior to April 26, 2004. She argues Judge Lynch's recommendation wrongly precludes her from litigating the damages she suffered after April 26, 2004 that resulted from System Transport's continued refusal to pay her medical expenses incurred before April 26, 2004. To preclude her from doing so, she contends, ignores the maxim that "[f]or every wrong there is a remedy." Mont. Code Ann. § 1-3-214. Thus, she argues collateral estoppel should only preclude her from seeking recovery for damages that resulted prior to April 26, 2004. The objection is not well taken. "Moe does not dispute that System Transport [wa]s in privity with Walling." Findings at 9. Thus, Walling's refusal to pay medical expenses incurred prior to April 26, 2004, for which she was awarded $25,000 in compensatory damages, covers System Transport's refusal to pay those same expenses. She cannot now re-litigate the issue by seeking subsequent damages from Walling's privy without running afoul of the doctrine of collateral estoppel.

I find no clear error in Judge Lynch's remaining findings and recommendations.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and

Recommendation (dkt #51) is adopted in full.

IT IS FURTHER ORDERED that Defendant System Transport, Inc.'s Motion for Summary Judgment (dkt #15) is GRANTED in part and DENIED in part as set forth in the Findings and Recommendation.

Dated this 29th day of October, 2010.

Donald W. Molloy, District Judge
United States District Court