## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

_____

CARRIE MOE,

                                        CV 09-157-M-DWM-JCL

                    Plaintiff,

        vs.

                                        ORDER

SYSTEM TRANSPORT, INC.,

                    Defendant.

_____

## I.      Introduction

Plaintiff Carrie Moe moves for sanctions under Fed. R. Civ. P. 37(b)(2) based on Defendant System Transport, Inc.'s admitted failure to produce financial statements for the calendar years 2000-2009 as previously ordered by the Court. For the reasons detailed below, the motion is granted.

## II.     Discussion

By order entered September 30, 2010, the Court granted Moe's motion to compel, directing System Transport to produce, among other things, its financial statements for the calendar years 2000-2009.  The Court rejected System Transport's contention that its financial statements were protected from disclosure by the right of privacy embodied in Article II of the Montana Constitution.  And

the Court expressly found that the financial statements were directly relevant to

Moe's claim for punitive damages – Mont. Code. Ann. § 27-1-221(7)(a)

mandating that a defendant's "financial affairs, financial condition, and net worth"

be considered by the jury in determining the amount of an award of punitive

damages.

By its own admission, System Transport did not comply with the Court's

order.  Rather than producing the pertinent financial statements, System Transport

produced an unauthenticated "summary" apparently culled from the consolidated

financial statements for System Transport, Inc., its parent corporation Trans-

System, Inc., and other "sister" corporations.

In response to Moe's challenge to the legitimacy and accuracy of the

"summary," System Transport produced the financial statements from which the

"summary" was derived.[1]  These financial statements – together with System

Transport's income tax returns for the pertinent years – were produced in part on

November 4, 2010 (the date of the final pretrial conference) and in part on

November 5, 2010.  It is imperative to note that trial commenced on Monday

---

[1] SystemTransport has filed the affidavit of Mr. Ted Rehwald, the vice president of finance and administration for System Transport.  Rehwald states that he prepared the summary from the audited consolidated financial statements prepared for System Transport, its parent and sister companies.

November 15, 2010, with jury selection being accomplished on that date and the presentation of testimony to begin on November 17, 2010.

In support of her motion for sanctions, Moe argues that she has been prejudiced in her ability to adequately prepare for trial given the untimeliness of System Transport's production of the financial statements. Additionally, Moe points out that System Transport also seeks to present the testimony of Mr. Ted Rehwald for the purpose of explaining the "summary" and related financial statements – a witness that was not previously disclosed in accordance with the scheduling order implemented by the Court.

System Transport urges the Court to deny the motion for sanctions because System Transport has not benefitted in any way from its untimely production of the financial statements. System Transport assuredly asserts that "Plaintiff has access to a financial summary, the audited, consolidated financial statements, the tax returns and a corresponding witness enabling her to make an accurate and fully-formed argument for punitive damages if they are ever deemed warranted." Dkt. 90, at 9. What System Transport refuses to recognize is that the untimely production places Moe in the position of being unable to adequately assess the information provided to determine its accuracy and reliability prior to trial. Instead, System Transport attempts to compel Moe to rely upon the testimony of

System Transport's own witness, Ted Rehwald, who it states will "help[] shed light" on the information provided.  Dkt. 90, at 8.  System Transport's argument is hardly persuasive.

System Transport's failure to comply with the Court's order directing it to produce its financial statements will not be condoned.  The Court rejects the suggestion that it should excuse System Transport's non-compliance because it produced the information on the eve of trial, and will have its own witness testify in explanation of the information.  The Court finds that Moe has, in fact, been prejudiced in her ability to adequately prepare for trial upon her claim for punitive damages.  The Court thus turns to consider the appropriate sanction.

"Rule 37(b)(2) contains two standards – one general and one specific – that limit a district court's discretion.  First, any sanction must be 'just'; second, the sanction must be specifically related to the particular 'claim' which was at issue in the order to provide discovery."  *Navallier v. Sletten*, 262 F.3d 923, 947 (9th Cir. 2001) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).  Restated, the second factor directs that any sanction imposed must be reasonably related to the claim or defense at which the discovery was directed, but "was frustrated by sanctionable conduct."  *Id.* (citing *Insurance Corp.*, 456 U.S. at 707-09).

-4-

One of the sanctions available under Fed. R. Civ. P. 37(b)(2) to remedy the prejudice visited upon Moe is to preclude System Transport from introducing designated matters in evidence.  Fed. R. Civ. P. 37(b)(2)(A)(ii); *Dey, L.P. v. Ivax Pharmaceuticals, Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005).  This sanction is particularly appropriate under the circumstances of this case because it is not only just, but is specifically tailored to the discovery request underlying the Court's order which System Transport violated.

As discussed, the financial statements the Court ordered System Transport to produce are directly relevant to Moe's claim for punitive damages.  Pursuant to Mont. Code Ann. § 27-1-220(3), "an award for punitive damages may not exceed $10 million or 3% of a defendant's net worth, whichever is less."  This limitation was enacted to protect defendants from punitive damage awards inconsistent with their ability to pay.  *Blue Ridge Homes, Inc. v. Thein,* 191 P.3d 374, 387 (Mont. 2008).  Section 27-1-221(7)(a) ensures the effectiveness of this limitation by mandating that "the defendant's financial affairs, financial condition, and net worth" be considered by the jury.  A defendant bears the burden of proving his net worth for purposes of calculating a punitive damage award.  *Blue Ridge Homes*, 191 P.3d at 386 (citations omitted).  A defendant will not be allowed to "gain an advantage from failing to produce evidence of his net worth."  *Id.* (quoting

*Cartwright v. Equitable Life Assurance*, 914 P.2d 976, 998 (Mont. 1996).  In other words, a defendant may avail itself of the protection provided by § 27-1-220(3) only if the defendant has provided a "truthful and reliable basis to limit the punitive damage award." *Blue Ridge Homes,* 191 P.3d at 387.

In an apparent attempt to gain a tactical advantage, System Transport failed to timely abide by the Court's directive to produce its financial statements. Having done so, the Court will not allow System Transport to avail itself of the protection provided by § 27-2-220(3).  This is especially true in view of the fact that the untimely financial information produced by System Transport purports to show that System Transport does not have a positive net worth.  As an appropriate sanction, System Transport will not be allowed to present evidence of, and the jury will not be instructed to consider, System Transport's financial affairs, financial condition, or net worth.

Fed. R. Civ. P. 37(b)(2)(C) further provides:

> Instead of or in addition to the orders above, the court <u>must</u> order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. (emphasis added)

Consistent with the mandate of Rule 37(b)(2)(C), the Court deems it appropriate to require System Transport to pay the reasonable expenses, including

attorney's fees, incurred by Moe in presenting her motion to compel.  In this regard, Moe shall, on or before December 1, 2010, file her submission in support of an award for expenses and fees.  System Transport may file a response on or before December 13, 2010.

IT IS SO ORDERED.

DATED this 16th day of November, 2010

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT